United States District Court
for the
Southern District of Florida

| David H. Wright and Theiline P. Scheumann, Plaintiffs, | ) ) ) | |
|---|---|---|
| v. | ) ) ) | Civil Action No. 17-22296-Civ-Scola |
| H Lee W Trade Group, Inc., and others, Defendants. | ) ) ) | |

## Order Granting Motion to Dismiss

This matter is before the Court upon the Defendants H Lee W Trade Group ("H Lee") and Hillary Williams's ("Williams") motion to dismiss (ECF No. 39). The Court has considered the motion, all opposing and supporting materials, the record in this case and the applicable law, and is otherwise fully advised. For the reasons set forth below, the Court **grants** the motion to dismiss (**ECF No. 39**).

### 1. Background

This case arises as a result of an alleged scheme that resulted in a loss of $1.4 million to the Plaintiff Theiline P. Scheumann.[1] The Plaintiff filed her complaint (ECF No. 1) on June 6, 2017, which H Lee and Williams sought to dismiss (Mot., ECF No. 29). On November 3, 2017, the Plaintiff filed an Amended Complaint (ECF No. 37), and the Court denied the pending motion to dismiss as moot (ECF No. 38.) In the Amended Complaint, the Plaintiff alleges that she maintains a membership interest in a limited liability investment company, and that the Defendants engaged in an elaborate scheme involving email hacking to generate fake communications designed to look like capital calls from the company, in order to obtain money from the Plaintiff. As a result of the alleged scheme and resulting losses, the Plaintiff asserts claims against the Defendants for unjust enrichment (Count 1), constructive trust (Count 2), civil theft (Count 3), fraud (Count 4), conversion (Count 5), injunctive relief (Count 6), civil conspiracy (Count 7), and money had and received (Count 8). H Lee and Williams filed the instant motion to dismiss for failure to state a claim, to strike, or in the alternative for a more definite statement.[2]

---

[1] The claims are asserted by David H. Wright, as attorney-in-fact for Scheumann. (*See* Am. Compl., ECF No. 37.)

[2] The Defendant Jonathan Alonso Munez (or Munoz), is proceeding pro se and filed an answer (ECF No. 47) on January 4, 2018.

## 2. Legal Standard

When considering a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), the Court must accept all of the complaint's allegations as true, construing them in the light most favorable to the plaintiff. *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008). A pleading need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-has-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation omitted). A plaintiff must articulate "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Thus, a pleading that offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" will not survive dismissal. *See Twombly*, 550 U.S. at 555. "Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Iqbal*, 556 U.S. at 679.

## 3. Analysis

In addition to their principal arguments for dismissal, H Lee and Williams make numerous arguments in the alternative, only one of which merits discussion—they argue that the Amended Complaint is an impermissible shotgun pleading requiring a more definite statement.[3] The Plaintiff contends that because her claims all arise from the same alleged fraudulent transactions, the Amended Complaint is not a shotgun pleading.

A court has the discretion to dismiss a complaint for failure to comply with the pleading rules. *Heard v. Nix*, 170 F. App'x 618, 619-20 (11th Cir. 2006). Rule

---

[3] To the extent that H Lee and Williams argue that the Court should vacate its prior order denying the first motion to dismiss as moot upon the filing of the Amended Complaint, the Court notes that if they believed the order to have been in error, they should have promptly requested reconsideration. *See Williams v. Cruise Ships Catering & Serv. Int'l, N.V.*, 320 F. Supp. 2d 1347, 1357-58 (S.D. Fla. 2004) ("[T]he courts have delineated three major grounds justifying reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice.") (internal citation omitted).

8(a)(2) of the Federal Rules of Civil Procedure requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief." Here, the Amended Complaint fails to comply with Rule 8(a)(2) because it constitutes a classic shotgun pleading. A typical shotgun pleading contains several counts, each one incorporating by reference the allegations of its predecessor. *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1321 (11th Cir. 2015) ("The most common type [of shotgun pleading]—by a long shot— is a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint."). "The unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Id.* at 1323 (footnotes omitted). Such a complaint creates a situation where most of the counts contain irrelevant factual allegations and legal conclusions, leaving the court to sift through irrelevancies to determine the sufficiency of a claim. *Strategic Income Fund, LLC v. Spear, Leeds & Kellogg Corp.*, 305 F.3d 1293, 1295 (11th Cir. 2002). Indeed, although the claims arise from the three alleged fraudulent transactions, H Lee and Williams point out several inconsistencies created by the incorporation in each count of every preceding count. Accordingly, the Court grants the motion to dismiss on this basis.

The Court further notes that where a cause of action sounds in fraud, Federal Rule of Civil Procedure 9(b) must be satisfied in addition to the more relaxed standard of Rule 8. Under Rule 9(b), "a party must state with particularity the circumstances constituting fraud or mistake." The Rule's "particularity" requirement is not satisfied by "conclusory allegations that certain statements were fraudulent; it requires that a complaint plead facts giving rise to an inference of fraud." *W. Coast Roofing & Waterproofing v. Johns Manville, Inc.*, 287 F. App'x 81, 86 (11th Cir. 2008) (citations omitted). To meet this standard, the complaint needs to identify the precise statements, documents, or misrepresentations made; the time and place of, and the persons responsible for, the alleged statements; the content and manner in which the statements misled the plaintiff; and what the defendant gained through the alleged fraud. *Id.* Thus, the Plaintiff should remain mindful of applicable pleading standards.

## 4. Conclusion

For the reasons set forth, H Lee and Williams's motion to dismiss (**ECF No. 39**) is **granted**. The Plaintiff shall file a second amended complaint on or before **March 20, 2018**.

**Done and ordered** at Miami, Florida, on March 5, 2018.

_____

Robert N. Scola, Jr.
United States District Judge